JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 750
Los Angeles, California 90064
Telephone:   (323) 979-2063
Facsimile:    (323) 488-6748

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
## Fresno Division

| | |
|---|---|
| Brandon Martinez, individually and on behalf of all others similarly situated; <br><br> Plaintiff, <br><br> -against- <br><br> Jefferson Capital Systems, LLC; <br><br> Defendant(s). | Case No.: <br><br> **CLASS ACTION COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* |

Plaintiff Brandon Martinez (hereinafter, "Plaintiff"), a California resident, brings this Class Action Complaint by and through his attorneys, against the Defendant Jefferson Capital Systems, LLC (hereinafter "Defendant" or "Jefferson"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate~ id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq.  The Court also has pendent

jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of California consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA, and

6.     Plaintiff is seeking damages, declaratory judgment and injunctive relief.

## PARTIES

7.     Plaintiff is a resident of the State of California, County of Merced.

8.     Defendant Jefferson is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for process service c/o its registered agent, Corporation Service Company Which Will Do Business in California as CSC-Lawyers Incorporating Service at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

9.     Upon information and belief, Defendant Jefferson is a company that uses the mail, telephone, and facsimile and regularly engages in business the

principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following Class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

   a. all individuals with addresses in the State of California;

   b. to whom the Defendant Jefferson sent a collection letter attempting to collect a consumer debt;

   c. despite previously representing that it would cease the collection of the consumer debt and request the deletion of the account from the credit file as a result of its failure to verify the consumer debt;

   d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and

their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibits A and B, violate 15 U.S.C. §§ l692d, l692e and 1692f.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those

questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibits A and B, violate 15 U.S.C. §§ l692d, 1692e and 1692f.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor his counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated

persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs numbered above with the same force and effect as if the same were set forth at length herein.

20. Some time prior to March 19, 2022, an obligation was allegedly incurred to Fingerhut Advantage.

21. The Fingerhut Advantage obligation arose out of transaction(s) in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

22. The alleged Fingerhut Advantage obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. Fingerhut Advantage is a "creditor" as defined by 15 U.S.C. § 1692a(4).

24. Defendant Jefferson, a debt collector and the purchaser of the Fingerhut Advantage debt, is collecting the alleged debt.

25. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violations – March 19, 2022 & July 13, 2022 Collection Letters*

26. On or about March 19, 2022, Defendant Jefferson sent the Plaintiff a debt collection letter (the "Collection Letter") regarding the alleged debt owed. **See Exhibit A**, the Collection Letter.

27. The Collection Letter states a balance of $ 1,821.50.

28. The Collection Letter purports to verify the account.

29. The Collection Letter sets forth that Jefferson "will not report [the debt] to any credit reporting agency."

30. Defendant Jefferson admittedly sent the Collection Letter in "AN ATTEMPT TO COLLECT A DEBT."

31. Similarly, on or about July 13, 2022, Defendant Jefferson sent the Plaintiff another collection letter offering to settle the purported debt at a discounted rate (the "Offer Letter"). **See Exhibit B**, the Offer Letter.

32. The Offer Letter states a balance of $ 1,821.50.

33. Defendant Jefferson admittedly sent the Offer Letter in "AN ATTEMPT TO COLLECT A DEBT."

34. The Offer Letter sets forth that Jefferson "will request the credit bureaus delete the Jefferson Capital, LLC tradeline approximately 30 days after the final payment has been posted that resolves the account as paid in full."

35. These two letters contradict themselves as to the status of the debt being reporting to a credit reporting agency, as the first letter states that it will not be reported, while the second letter states that the tradeline will deleted upon payment.

36. More importantly, The Collection Letter and the Offer Letter inexplicably contradict a more than three-year-old communication from the Defendant Jefferson, dated January 22, 2019 (the "Cessation Letter"), wherein Jefferson responded to Plaintiff's debt dispute as follows:

   (a) by failing to verify the debt;

   (b) by ceasing its collection of the account; and

(c) by requesting that the consumer reporting agencies delete the account from the Plaintiff's credit file. **See Exhibit C**, the Cessation Letter.

37. The Collection Letter and Offer Letter do not attempt to explain why the Defendant Jefferson is attempting to collect a disputed debt that more than three (3) years ago the Defendant could not verify, abandoned collection and already represented its alleged request for credit file account/tradeline deletion.

38. The conflicts between the Collection Letter, the Offer Letter and the Cessation Letter, without further clarification, confused the Plaintiff as to whether the debt was valid.

39. The consumer believed that this debt was no longer being collected as per the January 22, 2019 letter that explicably states we will cease collection.

40. The aforementioned conflicts effectively caused the Collection Letter and the Offer Letter to be improper uses of harassment and abuse in connection with an attempt to collect a debt, and in turn, the means were unfair and unconscionable.

41. Without clear direction as to the Defendant Jefferson's conflicting intentions, the least sophisticated consumer would be left with no ability to properly pay this debt.

42. Plaintiff cannot pay the alleged debt, trusting the Defendant, when it appears that the amounts stated in the Defendant's Collection Letter and Offer Letter are incorrect.

43. Because of the Defendant's actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were spent elsewhere.

44. Because of this, Plaintiff expended time and money in determining the proper course of action.

45. In reliance on the Collection Letter and the Offer Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

46. In reliance on the Collection Letter and the Offer Letter, and notwithstanding the Defendant's contradictory representations in the Cessation Letter, Plaintiff expended time and money in an effort to mitigate the risk of further financial and reputational harm in the form of the continued tradeline existence as furnished by the Defendant and ultimately disseminated to third parties.

47. Plaintiff's failure to pay the debt arose from the Collection Letter and the Offer Letter themselves because the Plaintiff believes they were attempts to collect monies not owed.

48. In addition, Plaintiff suffered emotional and physical harm because of the Defendant's improper acts, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep.

49. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

50. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

51. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, conversion and defamation.

52. These violations by the Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adapted to avoid any such violations.

53. Defendant's collection efforts with respect to the alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

54. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to or handle the Defendant's debt collection.

55. Plaintiff was confused and misled to his detriment by the statements in the Collection Letter and the Offer Letter, and relied on the contents of the letters to his detriment.

56. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

57. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692d *et seq.*

58. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

59. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

60. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

61. Defendant violated said section by, as set forth in more detail above, inexplicably recommencing collection activities more than three years after representing it would proceed otherwise, the natural and actual consequence of which was to harass and abuse the Plaintiff.

62. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692d et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

# COUNT II
# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

63. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

64. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

65. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

66. Defendant violated said section by:

   a. Making a false representation of the character, amount, or legal status of any debt in violation of §1692e(2)(A); and

   b. Making a false representation or using deceptive means to collect or attempt to collect any debt in violation of §1692e(10).

67. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and that

the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

68. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

69. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

70. Pursuant to 15 USC §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

71. The Defendant violated 15 U.S.C. §1692f by, as set forth more thoroughly above, unfairly recommencing collection activities more than three years after representing it would proceed otherwise.

72. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692f et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

73. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Brandon Martinez, individually and on behalf of all others similarly situated, demands judgment from the Defendant Jefferson as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Jonathan Stieglitz, Esq. as Class Counsel;

b) Awarding the Plaintiff and the Class statutory damages;

c) Awarding the Plaintiff and the Class actual damages;

d) Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: July 25, 2022

                                  THE LAW OFFICES OF
                                  JONATHAN A. STIEGLITZ

                            By:   /s/ Jonathan A. Stieglitz
                                  Jonathan A. Stieglitz

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28